IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 MAR 11 PM 3:47
CLERK'S OFFICE
AT GREENBELT
BY ℟ᵁ  DEPUTY

| | |
|---|---|
| DEXTER TUCKER, et. al. ) | |
| ) | |
| Plaintiff ) | Civil No. PWG 15 CV 0682 |
| v. ) | |
| ) | |
| THE COYLE LAW GROUP, et. al. ) | |
| ) | |
| Defendants ) | |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION:

PLEASE TAKE NOTICE that defendants The Coyle Law Group, Michael Coyle, and Alon Nager (collectively, the "Defendants") hereby remove the above-entitled action from the Circuit Court of Prince George's County, Maryland, to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452, and Bankruptcy Rule 9027. Defendants remove this action as a party to this action under § 1452(a), and are appearing solely for the purpose of this removal and for no other purpose, and preserving all other defenses available to them, state as follows:

A. Statement Of Relevant Facts

1. Defendants represented Plaintiffs Dexter Tucker and Kimberly Tucker (the "Tuckers") in a Bankruptcy case styled *In Re Tucker*, Case No. 12-11108-WIL, in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Case"). The case was originally filed under Chapter 11 of the Bankruptcy Code on January 24, 2012. The case was

1

subsequently converted to one under Chapter 7. On May 3, 2013, the Plaintiffs received a discharge.

2. On January 22, 2015, the Plaintiffs filed a Complaint in the Circuit Court for Prince George's County against the Defendants in case styled *Kimberly Kaye Tucker, et al. v. Coyle Law Group, LLC, et al.*, CAL 15-00469 (the "Action"), alleging Legal Malpractice and Breach of Contract that arose from the legal representation of Plaintiffs in the Bankruptcy Case.

3. On February 9, 2015, Defendant Nager received a copy of Plaintiffs' Complaint and Summons via certified mail. Defendant Coyle received a copy of the Complaint and Summons issued to Defendant Nager via e-mail from Defendant Nager on the same day.

B. <u>Basis For Removal</u>

4. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1452 because the Action is a civil action "arising in" and/or "related to" a bankruptcy proceeding under Title 11 and/or "arising under" Title 11. *See* 28 U.S.C. § 1334 (providing that district courts have jurisdiction over "all civil proceedings arising under Title 11, or arising in or related to cases under Title 11").

5. The Plaintiffs were individuals who filed for protection under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division. The case was converted to a proceeding under Chapter 7 of Title 11 of the Bankruptcy Code.

6. In the Complaint in this Action, Plaintiffs allege that Defendants committed legal malpractice in connection with legal advice provided and actions taken by Defendants in their roles as Plaintiffs's counsel during the Chapter 11 proceeding and after it was converted to a Chapter 7 proceeding. *See generally* Complaint.

7. In particular, the Complaint alleges that Defendants's advice relating to the adverse consequences of filing a bankruptcy petition was inadequate (Compl. ¶¶ 17-19, 26); that Defendants mishandled the Bankruptcy Case and were not prepared to represent the Plaintiffs during the Bankruptcy Case (Compl. ¶ 18, 19, 26); that Defendants failed to timely submit documented reaffirmation of certain debts for purposes of the Bankruptcy Case (Compl., ¶ 18); and further that Defendants failed to properly advise the Plaintiffs concerning procedures and requirements under the Bankruptcy Code and related laws (Compl., ¶ 19). These allegations center around the Bankruptcy Case, as Plaintiffs point out repeatedly in their Complaint. *See, e.g.*, Compl., ¶ 18 ("During the bankruptcy case, Coyle and Nager mishandled submission of the Tuckers' monthly financial reports, causing the trustee to threaten dismissal for willful withholding of required information and concealing assets and funds. Coyle and Nager were not prepared to represent the Tuckers at a creditors' hearing . . . They advised the Tuckers not to reaffirm their mortgages investment properties even though reaffirmation would have had a positive impact on restoring their credit.") (emphasis added); ¶ 19 ("In the Bankruptcy Case, Coyle and Nager: 1) failed to review the Chapter 11 bankruptcy schedules . . . ; 2) failed to advise the Tuckers concerning the Profit and Loss monthly statements required during Chapter 11; 3) failed to advise the Tuckers concerning the US Trustee requirements . . . ; 6) failed to advise the Tuckers of the pitfalls of a chapter 11 filing including the difficulties in dismissal of the Chapter 11 bankruptcy case; that a chapter 11 case can lead to conversion to a Chapter 7 bankruptcy case; . . . 10) failed to advise the Tuckers concerning the budget requirements in a Chapter 7 case noted on Schedules I and J of the bankruptcy petition as distinguished from the income test amounts on Form 22a of the Bankruptcy petition . . . .") (emphasis added).

8. The Complaint alleges further that "*[a]s a direct and proximate result of filing bankruptcy*, the Tuckers have been financially damaged . . ." (Compl., ¶ 22) (emphasis added). *See also* Compl. ¶ 27 (stating the damages that Plaintiffs have allegedly suffered, which, according to the Plaintiff's Complaint, would not have resulted but for Defendants's actions and advice in the Bankruptcy Case); ¶¶ 32-33 (stating the same in regards to the breach of contract claim).

9. A case "arises in" a bankruptcy proceeding for purposes of 28 U.S.C. § 1334 when "it would have no practical existence *but for* the bankruptcy." *Grausz v. Englander*, 321 F.3d 467, 471-72 (4th Cir. 2003) (finding bankruptcy jurisdiction "over a malpractice claim against a lawyer for providing negligent advice . . . in a bankruptcy case"). Accordingly, this Action "arises in" the Bankruptcy Case.

10. A case is "related to" a bankruptcy proceeding if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered." *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. 2007) (emphasis added); *see also In re Walker*, 198 B.R. 476, 482 (Bankr. E.D. Va. 1996) ("Bankruptcy Court jurisdiction continues for proceedings 'arising under' Title 11 even though the estate has been closed."). "[U]nder this inquiry '[m]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Valley Historic Ltd. P'ship*, 486 F.3d at 836 (citation omitted). Accordingly, this Action is "related to" the Bankruptcy Case.

11. In sum, this Court has original jurisdiction over this action under 28 U.S.C. § 1334, and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1452 and 1441,

because the action "arises in," "arises under," and/or is "related to" the Bankruptcy Case. *Grausz*, 321 F.3d at 471-72; *Valley Historic Ltd. P'ship*, 486 F.3d at 836.

    C.    <u>Defendants Have Complied With All Procedural Requirements for Removal.</u>

12.    This Notice is properly filed in this Court, as the district and division within which the Plaintiffs filed the Action, pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

13.    In accordance with 28 U.S.C. § 1446(a) and Bankruptcy Rule 9027, copies of the Complaint and all other process and pleadings filed in the Action are attached hereto as Exhibit A.

14.    This Notice is being filed timely under 28 U.S.C. § 1446(b) and Bankruptcy Rule 9027 as fewer than thirty days have elapsed since Defendant Nager or Defendant Coyle received the Plaintiff's Complaint on February 9, 2015.

15.    In accordance with 28 U.S.C. § 1446(d) and Bankruptcy Rule 9027, a copy of this Notice will be promptly served on opposing counsel and filed with the Circuit Court for Prince George's County, the court where the Action is currently pending.

16.    Pursuant to Bankruptcy Rule 9027, Defendants state that upon removal of the Action the proceeding is non-core and that Defendants consent to entry of final orders or judgment by the bankruptcy judge.

Respectfully submitted,

*/s/ Michael Coyle* — Signed with permission by Emily Patterson
Michael P. Coyle, Esq.
THE COYLE LAW GROUP
6700 Alexander Bell Drive, Suite 200
Columbia, MD 21046
410-884-3180 (phone)
*Pro Se Defendant*

*/s/ E. Hutchins* — Signed with permission by Emily Patterson
Edward Hutchins, Esq. (Bar No. 03841)
ECCLESTON & WOLF, P.C.
7240 Parkway Dr., 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: Hutchins@ewmd.com
*Attorney for Defendant Alon Nager, Esq.*

*/s/ Emily Patterson*
Emily M. Patterson, Esq. (Bar No. 19373)
ECCLESTON & WOLF, P.C.
7240 Parkway Dr., 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: Patterson@ewmd.com
*Attorney for Defendant Alon Nager, Esq.*

DATED:   March 11, 2015

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March 2015, a copy of the foregoing document was served by First Class Mail, postage prepaid to:

>Mark Chaplin, Esq.
>116 Billingsgate Lane
>Gaithersburg, MD 20871

_____
Emily M. Patterson