IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| DEXTER TUCKER, et. al. | ) | |
| | ) | |
| Plaintiff | ) | Case No. 15-cv-00682 |
| v. | ) | |
| | ) | |
| THE COYLE LAW GROUP, et. al. | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

MOTION TO DISMISS OF THE COYLE LAW GROUP

By and through undersigned as counsel for The Coyle Law Group (the "Firm"), the Firm files the following Motion to Dismiss for failure to state a claim:

STATEMENT OF FACTS

1.  The Complaint in this case alleges that Attorneys Alon Nager and Michael Coyle committed malpractice in their representation of the Plaintiffs Dexter Tucker and Kimberly Tucker (the "Tuckers") both prior and subsequent to the filing of a Bankruptcy case on the Tuckers' behalf.

2.  The Complaint admits that at all times during the representation underlying this case, Attorneys Coyle and Nager were working for the law firm of Chaifetz & Coyle and that the Tuckers were being represented by Chaifetz & Coyle. Complaint ¶¶ 3, 24, 30.

3.  The Complaint does not allege that at any time The Coyle Law Group represented the Tuckers, but only makes the bald allegation that Chaifetz & Coyle was the "predecessor" firm to The Coyle Law Group. *Id*.

1

# LEGAL ARGUMENT

In Maryland, a corporation is only liable for the actions of a predecessor corporation under three theories: (1) if the purchaser expressly or impliedly agreed to assume the liabilities of the seller; (2) the transaction amounts to a *de facto* merger or consolidation so that the surviving corporation assumes the liability of its predecessor; and (3) if the second corporation is a mere continuation of the previous corporation.

The Complaint nowhere alleges that The Coyle Law Group either agreed to assume the liabilities of Chaifetz & Coyle or that creation of The Coyle Law Group was a de facto merger or consolidation with Chaifetz & Coyle.

Thus, the only remaining theory for the liability of the Coyle Law Group in this case is under the mere continuation doctrine.

Under "the general or traditional rule of corporate successor liability . . . . '[a] corporation which acquires all or part of the assets of another corporation does not acquire the liabilities and debts of the predecessor.'" *Nissen Corp. v. Miller*, 594 A.2d 564, 565–66 (Md. 1991) (quoting 1 Timothy E. Travers, et al., American Law of Products Liability § 7:1 (3d rev. ed. 1990)). Where "the successor entity is a mere continuation or reincarnation of the predecessor entity," however, that general rule does not apply. *Id*. at 566. This "mere continuation" exception seeks "to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of reach of the predecessor's creditors. In other words, the purchasing corporation maintains the same or similar management and ownership but wears a 'new hat.'" *Id.* (*quoting Balt. Luggage Co. v. Holtzman*, 562 A.2d 1286, 1293 (Md. Ct. Spec. App. 1989)). Accordingly, the exception "applies where 'there is a continuation of directors and management, shareholder interest and, in some

cases, inadequate consideration." *Id.* at 567 (quoting 1 Louis R. Frumer & Melvin I. Friedman, Products Liability § 6.202(2)(c) (1989)).

The Complaint nowhere alleges any of these factual predicates. The Complaint does not even allege that The Coyle Law Group purchased any of the assets of Chaifetz & Coyle. But even if it did, the Complaint does not allege that there is a continuation of directors and management, or shareholders.

For these reasons, the Complaint fails to state a claim against The Coyle Law Group and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the claims against The Coyle law Group must be dismissed with prejudice.


Respectfully submitted,
/s/
_____
Michael P. Coyle, Esq.
THE COYLE LAW GROUP
6700 Alexander Bell Drive, Suite 200
Columbia, MD 21046
410-884-3180 (phone)
*Pro Se Defendant*

DATED: April 8, 2015

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 8th day of April 2015, a copy of the foregoing document was served by First Class Mail, postage prepaid to:

      Mark Chaplin, Esq.
      116 Billingsgate Lane
      Gaithersburg, MD 20871


      Edward Hutchins, Esq.
      Emily M. Patterson, Esq.
      ECCLESTON & WOLF, P.C.
      7240 Parkway Dr., 4th Floor
      Hanover, MD 21076-1378

                          /s/*Michael P. Coyle*
                          _____
                          Michael P. Coyle